UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RACHEL FULLER,

    Plaintiff,

-vs-                                  Case No.:

JPMORGAN CHASE BANK,
N.A.

    Defendant.
_____/

## COMPLAINT

Plaintiff, RACHEL FULLER, by and through her undersigned counsel, sues the Defendant, JPMORGAN CHASE BANK, N.A., and in support thereof respectfully alleges the following:

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

## INTRODUCTION

2. The TCPA was enacted to prevent companies like JPMORGAN CHASE BANK, N.A. from invading American citizen's privacy and prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they

1

force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

## JURISDICTION AND VENUE

5. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C. § 1332, diversity jurisdiction.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

8. Venue is proper in this District because the Plaintiff resides in this District (Duval County), the phone calls were received in this District, and the Defendant transacts business in Duval County, Florida.

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person, and citizen of the State of Florida, residing in Duval County, Florida, and resides within the Middle District of Florida.

10.     Defendant, JPMORGAN CHASE BANK, N.A., is a business entity which is headquartered at 1111 Polaris Parkway, Columbus, Ohio 43249 and is conducting business in the State of Florida.

11.     The conduct of the Defendant which gives rise to the cause of action herein alleged occurred in this District, Duval County, Florida, by the Defendant's placing of illegal calls to Duval County, Florida.

12.     Defendant, at all material times, was attempting to collect on a mortgage debt which was issued and serviced by the Defendant.

13.     In 2009, Plaintiff RACHEL FULLER had a mortgage with Defendant JPMORGAN CHASE BANK, N.A. on real property located at 1244 Jones Road, Jacksonville, Florida 32220.

14.     On November 2, 2009, Plaintiff RACHEL FULLER filed for Bankruptcy in the United States Bankruptcy Court, Middle District of Florida, Jacksonville Division, Case No. 09-09254-PMG ("Plaintiff's bankruptcy case").

15.     On or about December 3, 2009, Defendant JPMORGAN CHASE BANK, N.A. filed a Request for Notice and Request to be added to the Creditor's Matrix in Plaintiff's bankruptcy case. See "Request for Notice" attached hereto as Exhibit "A."

16.     In the later part of 2009, despite the automatic stay entered by the bankruptcy court and despite the fact that Plaintiff was represented by counsel in the bankruptcy case, Defendant JPMORGAN CHASE BANK, N.A. began a vicious campaign of telephone harassment against the Plaintiff, calling her on her cellular telephone (904) XXX-3394 multiple times per day in an effort to collect the mortgage debt that was the subject of the bankruptcy.

17. In the later part of 2009, shortly after the telephone calls to the Plaintiff's cell phone began, Plaintiff asked the Defendant to stop calling her, and was told "We will remove your number." However, the calls continued.

18. On or about December 2, 2010, the Defendant was notified that Plaintiff was surrendering the real property located at 1244 Jones Road, Jacksonville, Florida 32220. See "Debtor's Statement of Intention" attached hereto as Exhibit "B." Despite having knowledge that Plaintiff was surrendering the real property, Defendant continued its campaign of illegal telephone harassment against the Plaintiff.

19. On or about July 29, 2011, Plaintiff was given a Discharge in her bankruptcy case. See "Discharge of Debtor" attached hereto as Exhibit "C."

20. A Certificate of Notice of Discharge in Bankruptcy was sent by the Bankruptcy court on July 31, 2011 to Chase Manhattan Mtge, 3415 Vision Dr. Columbus, OH 43219-6009. See Exhibit "D."

21. Despite the discharge of the mortgage debt, the harassing telephone calls to the Plaintiff's cell phone from the Defendant continued and continue to this day.

22. In approximately January of 2014, Plaintiff again asked a representative from the Defendant to stop calling her, and was told again "We will remove your number." However, the calls have continued.

23. Defendant knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number up to three (3) times a day from the later part of 2009 through the filing of this complaint, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject debt.

24. Defendant called the Plaintiff over one thousand (1,000) times since the later part of 2009 to date in an attempt to collect the debt.

25. Each call the Defendant made to the Plaintiff's cellular telephone was made using an "automatic telephone dialing system" or other dialing system which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer); and to dial such numbers as specified by 47 U.S.C §227(a)(1) (hereinafter "autodialer calls."). Plaintiff experienced a brief pause after answering the incoming call, before a live Defendant's representative would come into the line.

26. Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) The calls received from JPMORGAN CHASE BANK, N.A. often were accompanied by a pre recorded statement, "This is Chase calling…".

27. Each of the autodialer calls that the Defendant made to the Plaintiff's cell phone were done so after she had revoked consent, after a bankruptcy, and therefore without the "prior expressed permission" of the Plaintiff.

28. Plaintiff is the regular user of the cellular telephone number, (904) XXX-3394, and was the called party and recipient of Defendant's autodialer calls. (T Mobile is the current provider)

29. The autodialer calls from Defendant to Plaintiff came from the telephone number including but not limited to 800-848-9380; and when that number is called, an automated voice answers and says, "Welcome to Chase."

30. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, and to make autodialer calls to individuals just as they did to the Plaintiff's cellular telephone in this case, with no way for the called party and recipient of the calls, or the Defendant, to permit the removal of the number.

31. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, to remove her number.

32. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

33. Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call people who have revoked consent to be called.

34. Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call and that the Defendant continues to collect on debts discharged by bankruptcy.

35. From December 2011 until today, the Defendant has had 377,955 complaints reported to the Consumer Financial Protection Bureau (CFPB). Of those complaints, 6,825 are specific to mortgage related complaints. The CFPB describes 35 of said complaints to be related to collection efforts after the mortgage was discharged in bankruptcy. See https://data.consumerfinance.gov/dataset/Consumer-Complaints/x94z-ydhh?

36. Defendant's corporate policy provided no means for the Plaintiff to have her number removed from the call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiff.

37. Defendant has a corporate policy to harass and abuse individuals like the Plaintiff despite the individuals advising Defendant to stop calling.

38. Defendant has 1,558 complaints specific to their mortgage practices in the last four years. See http://www.consumeraffairs.com/finance/chase_mortgage.html

39. Each of the autodialer calls or prerecorded messages the Defendant made to Plaintiff's cellular telephone number after the filing of the bankruptcy and after she revoked consent, was done in violation of the TCPA and FCCPA.

40. Defendant knowingly employed methods and/or has a corporate policy designed to harass and abuse individuals and has set up their autodialer in a manner which makes it virtually impossible for the autodialer calls to stop.

41. Defendant knowingly employed methods that did not permit the cessation of or suppression of autodialer calls to Plaintiff's cellular telephone.

42. Due to Defendant's constant autodialer calls and demands for payment Plaintiff has suffered statutory and actual damages in the form of emotional distress, frustration, worry, anger, and/or loss of capacity to enjoy life.

## COUNT I
### (Violation of the TCPA)

43. Plaintiff incorporates Paragraphs 1 through 42 above.

44. None of Defendant's autodialer calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

45. Defendant violated the TCPA, with respect to all of its autodialer calls made to Plaintiff's cellular telephone number after Plaintiff revoked consent to be called and without Plaintiff's prior express consent,

46. The Defendant willfully and/or knowingly violated the TCPA, especially for each of the autodialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant in the later part of 2009, when Plaintiff verbally withdrew, revoked, and/or terminated any alleged consent Defendant believed it had to contact her, and told Defendant to stop calling her.

47. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, JPMORGAN CHASE BANK, N.A., for statutory damages, actual damages, treble damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

48. Plaintiff incorporates 1 through 42 above.

49. At all times relevant to this action JPMORGAN CHASE BANK, N.A. is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

50. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

51. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

52.     Defendant has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

53.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against JPMORGAN CHASE BANK, N.A. for statutory damages, actual damages for emotional and mental pain and suffering, fear, humiliation, embarrassment, frustration and loss of capacity for the enjoyment of life, costs, interest, attorney's fees pursuant to F.S. §559.77, and other such relief the court may deem just and proper.

Respectfully submitted,

*/s/ Tav Gomez*
Octavio Gomez, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
Florida Bar #: 338620
Attorney for Plaintiff